IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

**AUTHOR R. TURNER v. STATE OF TENNESSEE**

**Criminal Court for Davidson County
No. 95-C-1691**

---

**No. M2002-00541-CCA-R3-PC - Filed April 15, 2003**

---

ORDER

The Appellant, Author R. Turner, appeals the order of the Davidson County Criminal Court summarily dismissing his *pro se* petition for post-conviction relief. In 1995, the Appellant pled guilty to aggravated robbery, especially aggravated kidnaping, and two counts of aggravated rape. As a result of these convictions, he was sentenced to forty years imprisonment. In April 1996, the Appellant filed a petition for post-conviction relief, alleging as grounds ineffective assistance of counsel and improper imposition of consecutive sentences. This petition was dismissed, and this court affirmed the dismissal on appeal. *Arthur R. Turner[1] v. State*, No. 01C01-9707-CR-00274 (Tenn. Crim. App. at Nashville, Sept. 23, 1998), *perm. to appeal denied* (Tenn. 1999). On January 7, 2002, the Appellant filed a second petition for post-conviction relief, which is the subject of this appeal, again alleging ineffective assistance of counsel and that his plea was involuntary because ". . . the State caused him to be influence (sic) by four mind-altering drugs."

Tennessee Code Annotated § 40-30-202(c) provides:

[The 1995 Post Conviction Procedure Act] contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed.

The post-conviction court, in summarily dismissing the Appellant's petition, found his first petition was fully resolved on the merits and that the instant petition simply presented a second collateral attack of his convictions requiring dismissal. Moreover, the post-conviction court in a subsequent order held that, even if "the petition in effect constituted a motion to reopen his first

---

[1]We note the difference in the spelling of the Appellant's name in this proceeding.

petition," as provided by Tennessee Code Annotated § 40-30-217, ". . . the allegations even if taken as true, did not fall within the narrow exceptions delineated in those sections." We find the post-conviction court's ruling to be a correct application of the law to the facts presented.

The judgment of the post-conviction court is, therefore, affirmed in accordance with Rule 20, Tennessee Court of Criminal Appeals. It appearing that the Appellant is indigent, costs of this appeal will be paid by the State of Tennessee.

_____
DAVID G. HAYES, JUDGE

CONCUR:

_____
JOHN EVERETT WILLIAMS, JUDGE

_____
NORMA MCGEE OGLE, JUDGE